U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 28 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| EMERSON MAXIE | CIVIL ACTION NO. 07-0176 |
|---|---|
| VERSUS | DISTRICT JUDGE WALTER |
| DOLET HILLS LIGNITE COMPANY, L.L.C. | MAGISTRATE JUDGE HORNSBY |

| ALBERT WESLEY WELLS | CIVIL ACTION NO. 07-2074 |
|---|---|
| VERSUS | DISTRICT JUDGE WALTER |
| DOLET HILLS LIGNITE COMPANY, L.L.C. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is Defendant's Motion for Summary Judgment of the Claims of Plaintiff Emerson Maxie and Second Rule 37 Motion to Dismiss for the Continuous Violations of Two Orders to Compel, filed on behalf of defendant, Dolet Hills Lignite Company [No. 07-0176, Record Document 61] and Defendant's Motion for Summary Judgment of the Claims of Plaintiff Albert Wesley Wells [No. 07-2074]. Plaintiffs oppose these motions. For the reasons assigned herein, defendant's motions are **GRANTED**.

## FACTUAL BACKGROUND

Emerson Maxie ("Maxie") and Albert Wesley Wells ("Wells") are employees of Defendant Dolet Hills Lignite Company ("Dolet Hills"). On June 18, 2004, Maxie and Wells each signed a

1

Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that they had been subjected to discrimination on the basis of race from March 20, 2000 to October 22, 2003. *See* Dolet Hills Exs. A. After receiving their right to sue letters dated November 8, 2006, Maxie, Wells, and the other plaintiffs filed various suits on February 1, 2007, against Dolet Hills alleging numerous Title VII violations.

### A.  Emerson Maxie

Eight months after the first acts of alleged discrimination but prior to the filing of the EEOC Charge, Maxie filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. On Schedule B of the Bankruptcy Petition, Maxie was required to list "[o]ther contingent and unliquidated claims of every nature." He indicated that there were none and declared under penalty of perjury that he had read his bankruptcy schedules and that they were "true and correct to the best of [his] knowledge, information, and belief." [No. 07-0176, Rec. Doc. 61, Ex. B]. During the pendency of the Bankruptcy case, Maxie filed a Charge of Discrimination with the EEOC but did not amend his bankruptcy petition to reflect such claim. Thus, the Bankruptcy Court had no knowledge of Maxie's claims of alleged discrimination prior to confirmation of Maxie's Chapter 13 Plan. Defendant Dolet Hills filed the present motion arguing that the claims set forth by Maxie should be dismissed with prejudice. Dolet Hills' motion for summary judgment contends that Maxie should be judicially estopped from proceeding in the present claim because he breached his statutory duty to disclose the alleged claim to the Bankruptcy Court.

Alternatively, Dolet Hills' motion contends that Maxie's claims should be dismissed pursuant to Federal Rule of Civil Procedure 37 for failure to respond to discovery requests and failure to

comply with two court orders specifically compelling discovery. Dolet Hills propounded written discovery requests to Plaintiffs. The Court issued orders compelling discovery on November 27, 2007 and May 9, 2008, but Dolet Hills contends that Maxie has failed to produce: (1) any documents concerning the acts of omissions of Dolet Hills relating to or giving rise to his claims and allegations; (2) any documents relating to any alleged damages sustained as the result of Dolet Hills' alleged conduct; (3) any medical bills and bill statements relating to Maxie's injuries as alleged in the Complaint; (4) any documents relating to Maxie's employment with Dolet Hills; and (5) any documents reflecting conversations or communications between Maxie and Dolet Hills representatives. *See* No. 07-0176, Rec. Doc. 61, p.5.

B.  **Albert Wesley Wells**

On July 14, 2003, more than three years after the first acts of alleged discrimination, Wells filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. On Schedule B of the bankruptcy petition, Wells was required to list "[o]ther contingent and liquidated claims of every nature." He indicated that there were none and declared under penalty of perjury that he had read his bankruptcy schedules and that they were "true and correct to the best of [his] knowledge, information, and belief." *See* No. 07-2074, Rec. Doc. 56, Ex. B-2. At Wells request, the Bankruptcy Court converted his Chapter 13 case to a Chapter 7 proceeding on March 25, 2004. At this time, which was six months after the alleged discrimination had ceased, the Bankruptcy Court ordered Wells to file "a schedule of all property not listed in the final report and account of the Chapter 13 trustee which was acquired after the commencement of the Chapter 13 case but before entry" of the conversion order. *See* No. 07-2074, Rec. Doc. 56, Ex. B-5. Wells never listed his potential claim

of discrimination or otherwise disclosed the claim to the Bankruptcy Court, trustee, or his creditors, nor did he amend his petition or schedules to reflect such claim after he filed the EEOC Charge. Thus, the Bankruptcy Court was unaware of the claim of alleged discrimination when it granted Wells' a "no asset" discharge. Dolet Hills' motion for summary judgment contends that Wells should be judicially estopped from proceeding in the present claim because he breached his statutory duty to disclose the alleged claim to the Bankruptcy Court.

## LAW AND ANALYSIS

### A.   Summary Judgment Motions

#### 1.   Duties of a Debtor in Bankruptcy Proceedings

Section 541 of the Bankruptcy Code provides that nearly all of a debtor's assets vest in the bankruptcy estate upon the commencement of a bankruptcy case. The bankruptcy estate includes "all legal or equitable interests of the debtor in the property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It is well-settled that the reference to "all legal or equitable interests" includes causes of action belonging to the debtor at the time the action is commenced. *See e.g., Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 245 (5th Cir. 1988). Additionally, in Chapter 13 cases, the bankruptcy estate is comprised of all property, including legal claims and causes of action, that are acquired "after the commencement of the [bankruptcy] case but before the case is closed, dismissed or converted." 11 U.S.C. § 1306(a)(1). Thus, the affirmative duty of the debtor to disclose all assets, including contingent and liquidated claims, is a "continuing one, and a debtor is required to disclose all potential causes of action." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999).

The Fifth Circuit has stated that a "debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information ... prior to confirmation to suggest that [he] may have a possible cause of action, then that is a "known" cause of action such that it must be disclosed." *Id.* Any claim with potential must be disclosed, regardless of whether the claim is "contingent, dependent, or conditional." *Id.*

### 2. Judicial Estoppel

In the present matter, it is undisputed that Maxie failed to initially disclose his potential claim for employment discrimination and that he failed to amend his petition after filing an EEOC Charge against defendant. *See* No. 07-0176, Rec. Doc. 65. It is also undisputed that Wells' failed to initially disclose his potential claim for employment discrimination and further failed to list such claim when the bankruptcy case was converted to a Chapter 7 proceeding. *See* No. 07-2074, Rec. Doc. 60. Dolet Hills contends that Maxie's and Wells' omissions and non-disclosures of their claims of alleged discrimination constitute a breach of their statutory duty and that they should be judicially estopped from proceeding with such claims in this forum.

Judicial estoppel is a common law doctrine that prevents a party from asserting inconsistent positions in litigation. *Kane v. Nat. Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008); *In re Coastal Plains*, 179 F.3d at 205. "The purpose of the doctrine is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id.* (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)). And because the doctrine is designed to protect the judicial system rather than the litigants, detrimental reliance by the opposing party is not required. *In re Coastal Plains*, 179 F.3d at 205.

The Fifth Circuit has specified three requirements that must be met in order for judicial estoppel to bar a plaintiff's claim:

> A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently. Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset.

*Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

Dolet Hills contends that Maxie and Wells both fall squarely within this three-step test because they filed Charges of Discrimination with the EEOC during the pendency of the Bankruptcy Proceeding but failed to disclose such claims to the Bankruptcy Court, trustees, or their creditors; the Bankruptcy Court accepted Maxie's position that no legal or equitable claims existed when it confirmed his Chapter 13 Plan; the Bankruptcy Court accepted Wells' position that no legal and equitable claims existed when it converted his Chapter 13 case to Chapter 7 and granted a "no asset" discharge; and because Maxie and Wells unquestionably had knowledge of their claims during the pendency of the bankruptcy case.

Maxie does not dispute that he failed to disclose the potential claim on the voluntary petition, that he failed to amend his bankruptcy petition to reflect the EEOC Charge, nor does he dispute that the Bankruptcy Court accepted his position. Neither does Wells dispute that he failed to disclose the potential claim to the Bankruptcy Court nor that the Bankruptcy Court accepted his position. Rather, Maxie and Wells' sole argument rests on their contention that judicial estoppel should not be applied because the failure to disclose the potential claim was inadvertent.

The Fifth Circuit has held that "in considering judicial estoppel for bankruptcy cases, the

debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when ... the debtor either lacks knowledge of the undisclosed claim *or* has no motive for its concealment." *In re Coastal Plains*, 179 F.3d at 210 (emphasis in original). In their separate motions, Maxie and Wells argue that they were "not informed by [their] bankruptcy counsel that [they] needed to inform him if [they] ever filed a lawsuit." [No. 07-0176, Rec. Doc. 66; No. 07-2074, Rec. Doc. 60]. Thus, it is their contention that the failure to list the claims of alleged discrimination was inadvertent because they simply did not know to do so.

However, this "good faith" argument has been specifically rejected by the Fifth Circuit. *See e.g., Lamont v. West*, 83 Fed. Appx. 1, 3 (5th Cir. 2003) ("[a] lack of awareness of the statutory disclosure duty is simply not relevant to the question of judicial estoppel."); *In re Walker*, 323 B.R. 188, 197 (S.D. Tex. 2005) ("the Fifth Circuit has found that judicial estoppel does not necessarily require "bad faith" or deceptive intent *per se*; the inadvertence of the non-disclosure prong is satisfied when a debtor unreasonably disregards her express, affirmative disclosure duties."). Further, neither Maxie nor Wells have offered any evidence demonstrating that their initial failure to disclose the potential claim at the time the voluntary petitions for bankruptcy were filed was inadvertent. In Maxie's case, the bankruptcy proceeding was commenced eight months after the first acts of alleged discrimination. With respect to Wells, his bankruptcy petition was filed three years after the first acts of alleged discrimination. Further, upon requesting a conversion to a Chapter 7 proceeding, Wells testified in open court that he had read and signed his bankruptcy schedules and that they were true and correct. There is no doubt that Maxie and Wells not only had knowledge of their potential claims at the time their voluntary petitions for bankruptcy were filed, but throughout their entire bankruptcy proceedings. Both plaintiffs clearly had knowledge of their claims and

should have disclosed such to the Bankruptcy Court.

In addition to their knowledge of the undisclosed claims, Maxie and Wells also had motive to conceal their potential claims from the Bankruptcy Court. In the schedules and statements filed with the Bankruptcy Court, Maxie listed $51,405.44 in debt, with nearly $15,000 being owed to unsecured creditors. The Chapter 13 Plan initially confirmed by the Bankruptcy Court provided that his unsecured creditors would receive only six percent of the value of their claims. Similarly, Wells listed $155,054 in debt, with more than $15,000 if it being owed to unsecured creditors. Subsequent to the conversion of his case to a Chapter 7 proceeding, the Bankruptcy Court granted Wells a "no asset" discharge. It was only after Maxie's Chapter 13 plan was confirmed, which secured only "pennies on the dollar" for Maxie's unsecured creditors, and after Wells' received the discharge, that either of them filed suit against Dolet Hills in this court.

With respect to Maxie's failure to amend his voluntary petition after filing the EEOC Charge, Dolet Hills points to 11 U.S.C. § 1329(a) in support of its argument that Maxie had motive to conceal his claim. Section 1329(a) provides for modification of a Chapter 13 plan to "increase or reduce the amount of payment on claims" and/or to "alter the amount of the distribution to a creditor." Pursuant to this provision, creditors of a debtor may seek a modification of the plan if the debtor's circumstances improve, giving the debtor the ability to make larger payments or provide for a greater distribution. "Congress did not intend for debtors who experience substantially improved financial conditions after confirmation to avoid paying more to their creditors." *In Re Arnold*, 869 F.2d 240, 242 (4th Cir. 1989). Therefore, in order for Chapter 13 to work and for this provision to have any significance, the debtor has "a continuing duty to disclose property and earnings acquired after the commencement of the case." *In re Wakefield*, 312 B.R. 333, 339 (N.D.Tex. 2004).

Both Maxie and Wells would "certainly reap a windfall" if they were able to recover in the present action without having disclosed such claim to their creditors. *See In Re: Superior Crewboats*, 374 F.3d 330, 336 (5th Cir. 2004). The doctrine of judicial estoppel was designed to prevent such results:

> The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all of one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in [debtor's] present suit, [debtor] has a better plan. Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively. [Debtor], having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis.

*In re Coastal Plains*, 179 F.3d at 213 (quoting *Payless Wholesale Distrib., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993)). The doctrine of judicial estoppel should be applied in the instant matter so as to preclude Maxie and Wells from being able to "have their cake and eat it too." *See In Re: Superior Crewboats*, 374 F.3d at 333.

Accordingly, this Court finds that both Maxie and Wells' failure to disclose their claims against Dolet Hills to the Bankruptcy Court was not inadvertent. Maxie and Wells not only knew of their claims but they had a clear motive to conceal such claims from the Bankruptcy Court and their creditors. The requirements of judicial estoppel have been satisfied and thus preclude Maxie and Wells from asserting their claims of alleged discrimination in this forum.

## B. Rule 37 Motion to Dismiss

Because this Court finds in favor of Defendant on the Motion for Summary Judgment against Plaintiff Emerson Maxie, it is unnecessary to address Defendant's alternative Motion to Dismiss in Civil Action No. 07-0176.

## CONCLUSION

For the foregoing reasons, Defendant's Motions for Summary Judgment are hereby **GRANTED** and the claims by Plaintiffs Emerson Maxie and Albert Wesley Wells are hereby **DISMISSED WITH PREJUDICE.**

/s/ Donald E. Walter
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE